## A. E. DAVIS AND ALDER RANDALL v. PAUL BREON.

LAW DOES NOT IMPLY PROMISE TO PAY FOR USE OF PERSONAL PROPERTY where such use is with permission of the owner.

COMPLAINT MERELY ALLEGING THAT DEFENDANT USED PERSONAL PROPERTY of the plaintiff with the latter's permission, and that such use is reasonably worth a sum claimed, does not state facts sufficient to constitute a cause of action, and a general demurrer thereto is properly sustained.

APPEAL from the district court of the third judicial district, Mohave county. Action to recover for the use of personal property. The opinion states the case.

*Davis and Henning,* for the appellants.

*Murphy and Blakely,* for the respondent.

By Court, DUNNE, C. J.:

This is an action to recover for the use of personal property, based upon the assumption that the law implies a promise to pay from the fact of use with the permission of the owner. It is in fact for the rent of a house; but the complaint alleges that the house is personal property. It was demurred, among other things, that the complaint did not state facts sufficient to constitute a cause of action. Demurrer sustained, and judgment for the defendant. The appeal is from the order sustaining the demurrer. The appeal being from the judgment on the demurrer, the allegation in the complaint that the property used was personal property must, for the purposes of this hearing, be taken as true, whether in law or in fact it was really so or not. The complaint does not allege any hiring of the property, any request for its use, any contract concerning it, any promise to pay any sum for its use, nor that defendant is indebted in any sum to plaintiff, but simply alleges that defendant used the property with permission of plaintiff, that such use was reasonably worth the sum claimed, and that defendant has not paid the same or any part thereof.

This is not sufficient in the matter of personal property. We express no opinion as to whether it would be good for real property, but if it were true of personal property, there is no end to the number of annoying actions which might be instituted and maintained. A person says to another, My horse is in such a stable: any time you would like to ride, go and take him; or, I have such and such books in my library: any time you want them, make use of them; or by permission of plaintiff a person might make use of any other article of personal property; but to say that such use, by such permission, raises an implied contract to pay what such use is worth is not sustained by law. An allegation that defendant hired an article of personal property has been held to imply that the matter was a business transaction, and implied a promise to pay what the use was reasonably worth. *Emery* v. *Fell*, 2 T. R. 28. But there was no allegation here of hiring, request, contract, indebtedness, or promise to pay. Except on a contract or state of facts which im-

ports a legal liability, a promise by defendant must be averred. Gould's Pl. 73; *Candler* v. *Rossiter*, 10 Wend. 487.

The demurrer in this case was good, and was properly sustained; but as the court sustained the demurrer on different grounds, the judgment is set aside, as may be done by Compiled Laws, sec. 347, p. 447. An order sustaining the demurrer is affirmed, with the qualification added that plaintiff may have the usual time to amend, to date from the notice given him by the clerk of the district court of the filing in his office of a certified copy of this opinion. All costs to abide the final result.

TWEED, J., concurred.

PORTER, J., concurred except as to the qualification added.